IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMA RAYGOZA,

        Plaintiff,

  v.

GLENN COUNTY SUPERIOR COURT;
JANELL BARTLESS; and
TINA BURKHART,
        Defendants.
_____/

CIV. S-08-1636 JAM

STATUS (Pre-trial Scheduling) ORDER

      After review of the Joint Status Report, the court makes the following order:

### SERVICE OF PROCESS

   All parties defendant to this lawsuit have been served and no further service will be permitted except with leave of court, good cause having been shown.

### JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

   No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

1

1                      <u>JURISDICTION AND VENUE</u>

2      Jurisdiction and venue are not contested.

3                 <u>FICTITIOUSLY-NAMED DEFENDANTS</u>

4      This action, including any counterclaims, cross-claims, and
5 third party complaints is hereby DISMISSED as to all DOE or other
6 fictitiously-named defendants.

7                    <u>MOTION HEARINGS SCHEDULES</u>

8      All dispositive motions shall be filed by June 3, 2009.
9 Hearing on such motions shall be on July 1, 2009 at 9:00 a.m.
10 **The parties are reminded of the notice requirements as outlined**
11 **in Local Rule 78-230(b).**

12      The time deadline for dispositive motions does not apply to
13 motions for continuances, temporary restraining orders or other
14 emergency applications.

15      **THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE**
16 **DAY DUE.**

17      All purely legal issues are to be resolved by timely pre-
18 trial motions.  The parties are reminded that motions <u>in</u> <u>limine</u>
19 are procedural devices designed to address the admissibility of
20 evidence and are cautioned that the court will look with disfavor
21 upon substantive motions presented at the final pre-trial
22 conference or at trial in the guise of motions <u>in</u> <u>limine</u>.  The
23 parties are further cautioned that if any legal issue which
24 should have been tendered to the court by proper pre-trial motion
25 requires resolution by the court after the established law and
26 motion cut-off date, substantial sanctions may be assessed for

1 the failure to file the appropriate pre-trial motion.

2 **Unless prior permission has been granted, memoranda of law**
3 **in support of and in opposition to motions are limited to twenty-**
4 **five (25) pages, and reply memoranda are limited to ten (10)**
5 **pages. The parties are also cautioned against filing multiple**
6 **briefs to circumvent this rule**.

                                DISCOVERY

8  All discovery shall be completed by April 30, 2009. In this
9  context, "completed" means that all discovery shall have been
10 conducted so that all depositions have been taken and any
11 disputes relative to discovery shall have been resolved by
12 appropriate order if necessary and, where discovery has been
13 ordered, the order has been complied with.

                        DISCLOSURE OF EXPERT WITNESSES

15 The parties shall make expert witness disclosures under
16 Fed. R. Civ. P. 26(a)(2) by February 13, 2009. Supplemental
17 disclosure and disclosure of any rebuttal experts under
18 Fed. R. Civ. P. 26(a)(2)(c) shall be made by February 20, 2009.
19 Failure of a party to comply with the disclosure schedule as
20 set forth above in all likelihood will preclude that party from
21 calling the expert witness at the time of trial absent a showing
22 that the necessity for the witness could not have been reasonably
23 anticipated at the time the disclosures were ordered and that the
24 failure to make timely disclosure did not prejudice any other
25 party. See Fed. R. Civ. P. 37(c).
26 All experts designated are to be fully prepared at the time

of designation to render an informed opinion, and give their reasons therefore, so that they will be able to give full and complete testimony at any deposition taken by the opposing parties.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

## JOINT MID-LITIGATION STATEMENTS

Not later than fourteen (14) days prior to the close of discovery, the parties shall file with the court a brief joint statement summarizing all law and motion practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion.  The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate motions as set forth above.

## FINAL PRE-TRIAL CONFERENCE

The final pre-trial conference is set for July 31, 2009 at 2:00 p.m.  In each instance an attorney who will try the case for a given party shall attend the final pretrial conference on behalf of that party; provided, however, that if by reason of illness or other unavoidable circumstance the trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.  All

1 pro se parties must attend the pre-trial conference.

2 Counsel for all parties and all pro se parties are to be
3 fully prepared for trial at the time of the pre-trial conference,
4 with no matters remaining to be accomplished except production of
5 witnesses for oral testimony.  The parties shall file with the
6 court, no later than seven days prior to the final pre-trial
7 conference, a joint pre-trial statement.
8 **Also at the time of filing the Joint Pretrial Statement, counsel**
9 **are requested to e-mail the Joint Pretrial Statement in WPD or**
10 **Word format to Judge Mendez's assistant, Jane Pratt**
11 **at: jpratt@caed.uscourts.gov.**

12 Where the parties are unable to agree as to what legal or
13 factual issues are properly before the court for trial, they
14 should nevertheless list all issues asserted by any of the
15 parties and indicate by appropriate footnotes the disputes
16 concerning such issues.  The provisions of Local Rule 16-281
17 shall, however, apply with respect to the matters to be included
18 in the joint pre-trial statement.  Failure to comply with Local
19 Rule 16-281, as modified herein, may be grounds for sanctions.

20 The parties are reminded that pursuant to Local Rule
21 16-281(b)(10) and (11) they are required to list in the final
22 pre-trial statement all witnesses and exhibits they propose to
23 offer at trial, no matter for what purpose.  These lists shall
24 not be contained in the body of the final pre-trial statement
25 itself, but shall be attached as separate documents so that the
26 court may attach them as an addendum to the final pre-trial

1 order.  The final pre-trial order will contain a stringent
2 standard for the offering at trial of witnesses and exhibits not
3 listed in the final pre-trial order, and the parties are
4 cautioned that the standard will be strictly applied.  On the
5 other hand, the listing of exhibits or witnesses that a party
6 does not intend to offer will be viewed as an abuse of the
7 court's processes.
8     The parties are also reminded that pursuant to Rule 16,
9 Fed. R. Civ. P., it will be their duty at the final pre-trial
10 conference to aid the court in: (a) formulation and
11 simplification of issues and the elimination of frivolous claims
12 or defenses; (b) settling of facts which should properly be
13 admitted; and (c) the avoidance of unnecessary proof and
14 cumulative evidence.  Counsel must cooperatively prepare the
15 joint pre-trial statement and participate in good faith at the
16 final pre-trial conference with these aims in mind.  A failure to
17 do so may result in the imposition of sanctions which may include
18 monetary sanctions, orders precluding proof, elimination of
19 claims or defenses, or such other sanctions as the court deems
20 appropriate.

21                          TRIAL SETTING
22     Jury trial in this matter is set for August 31, 2009 at
23 9:00 a.m.  The parties estimate a trial length of approximately
24 10 to 15 days.
25
26

<u>SETTLEMENT CONFERENCE</u>

No Settlement Conference is currently scheduled. If the parties wish to have a settlement conference, one will be scheduled at the final pretrial conference or at an earlier time upon request of the parties.

<u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>

This Status Order will become final without further Order of Court unless objection is lodged within seven (7) days of the date of the filing of this Order.

IT IS SO ORDERED.

Dated: September 25, 2008

/s/ John A. Mendez
HON. JOHN A. MENDEZ
United States District Judge