IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMA RAYGOZA,

    Plaintiff,

vs.

GLENN COUNTY SUPERIOR COURT, JANNELLE BARTLETT, TINA BURKHART,

    Defendants.

No. CIV S-08-1636 JAM EFB

ORDER

On May 13, 2009, the court heard plaintiff's motion to compel production of documents, pursuant to an order shortening time signed May 4, 2009. Attorneys Rafael Ruano and Paul Goyette appeared on behalf of plaintiff; Tracy Todd represented defendants.

For the reasons stated on the record, the motion was granted, and production ordered by May 20, 2009. Production shall be made subject to the terms of the parties' protective order filed March 20, 2009, without prejudice to defendants seeking modification of that order if necessary to more fully protect the privacy interests of defendants' employees.

At issue was the disclosure of employee performance evaluations sought by plaintiff's Production Request No. 9, narrowed to obtain the evaluations of nine employees who have declined to consent to their disclosure. Plaintiff seeks this information in support of her Title VII

1

claims of racially discriminatory and retaliatory failure to promote. Defendants sought to withhold this information in deference to their employees' state constitutional privacy rights and a memorandum of understanding between defendant court and the local employees union requiring the written consent of an employee before disclosing his or her personnel records.

At the hearing, the court reviewed the application of the federal common law to federal question cases, which may be informed by state privilege law, *see, e.g., Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996), and discussed the parameters of the federal common law official information privilege accorded to government personnel records, including the appropriate procedure for asserting the privilege, *see, e.g. Johnson v. Runnels*, 2009 WL 900755 (Mar. 31, 2009) (*citing*, *inter alia, Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995), and *Kelly v. City of San Jose*, 114 F.R.D. 653, 662-63 (N.D. Cal. 1987)). The court found that the quasi-statistical data prepared by defense counsel ("Employee Data Chart") does not adequately respond to plaintiff's production request; moreover, such information is presumptively more relevant to a case alleging discriminatory impact rather than, as here, discriminatory treatment, *see, e.g., Antonio v. Wards Cove Packing Co., Inc.*, 275 F.3d 797, 799, n. 1 (9th Cir. 2001) (addressing reliance on statistical data in this historically notable disparate impact case, as modified by legislative changes subsequently made to Title VII).

Having heard both sides, the court concluded that the relevance of the requested information to the issues presented in this case outweighs any harm that may result from its disclosure pursuant to the parties' carefully drafted protective order. *See Kelly*, 114 F.R.D. at 670 (setting forth factors to be weighed). As an additional precaution, the court invited defendants to review the parties' existing protective order and seek modification if necessary to further protect third-party employee privacy interests.

////

////

////

1     For the foregoing reasons, plaintiff's motion to compel, Dckt. No. 18, was, and is,
2 GRANTED. The parties' respective requests for monetary sanctions, *see* Dckt. Nos. 18, 21-23,
3 are DENIED.
4     SO ORDERED.
5 DATED: May 15, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE